HAFF *against* THE MARINE INSURANCE COMPANY.

*Preliminary proofs, under survey clause on a policy of insurance.*

ASSUMPSIT, on a policy of insurance on the schooner
Lucy.  The policy contained the following clause, "That
if the vessel, upon a regular survey, should be declared un-
seaworthy, by reason of her being unsound or rotten, or in-
capable of prosecuting her voyage on account of her being
unsound or rotten, then the assurer should not be bound,
&c."  The vessel, after encountering heavy weather, was
condemned at one of her intermediate ports as unseaworthy,
and thereupon abandoned by plaintiffs.

To show that preliminary proof of loss had been duly
made to the defendants, the plaintiff offered a witness who
testified, that he went with the plaintiff to the office of the
Insurance Company, and saw him deliver the abandonment

---

and certain other papers, (whose contents were unknown to the witness,) to a person in the office; that he called there again with the plaintiff, about one month after, and went with him into the directors' room; that the plaintiff there conversed with a person, who, the witness imagined, was a director, and inquired whether the company were satisfied: he answered, that the only paper they wanted was the survey.

*Colden*, for the defendants, contended, that from this testimony, it did not appear that satisfactory proof of loss had been exhibited to the defendants; that it did not appear that the person, with whom the plaintiff conversed in the directors' chamber, was one of the directors; and even if he was a director, his admissions or expressions of satisfaction would not bind the company. *Beatty* v. *The Marine Insurance Company*, 2 Johns. Rep. 109. And further, that the survey was a material part of the preliminary proof, and had been so decided at *nisi prius*, by Mr. Justice Livingston.

VAN NESS, J. This testimony is certainly not sufficient. Admitting the person with whom the plaintiff conversed, in the directors' chamber, to have been a director, his expressions show that the company were dissatisfied with the papers exhibited, and required other documents. Whether they had a right to demand the survey, is a question which cannot now be decided.

In all cases, it is sufficient to exhibit such proof of loss as ought to convince a reasonable man. The witness is ignorant of the contents of the papers, exhibited to the company. We, therefore, cannot decide whether, or not, these papers, independent of the survey, contained a suffi-

cient proof of loss, with which the company ought to have been satisfied.(1)

*J. Radcliff*, for the plaintiff.

*Colden*, for the defendants.

(1) This is the .first adjudication upon the effect of the special survey clause, on the preliminary proofs. Previous to the introduction of that clause, it was enough to make out the proof of interest and loss, by the exhibition of the register, invoice and protest. The non-suit was confirmed by the supreme court, February term, 1809, (4 Johns. 132,) the court being of opinion, that under the circumstances of this case, it was a fair presumption that a survey had been made when the vessel was condemned, and that it was a necessary part of the preliminary proof. The plaintiff having, after this, commenced another action against the company, produced the survey, which stated the unseaworthiness to proceed from injuries arising from storms, as well as from decay. The plaintiff, however, proved that she was seaworthy when she left New York, and had a verdict which was confirmed by the court in May term, 1811, (8 Johns. 165,) the court being of opinion, that the survey, not proceeding on the single ground that the vessel was unsound or rotton, but on that fact, connected with other circumstances, it could not be conclusive that rottenness alone had been deemed, by the surveyors, sufficient cause of condemnation for unseaworthiness. 1 Phil. on Ins. 499.